IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARD DEMMINGS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:18-cv-017-C (BT) | |
| § | | |
| LORIE DAVIS, *Director*, TDCJ-CID § | | |
| Respondent. § | | |

### **<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>**
### **<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Leonard Demmings, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition as barred by the statute of limitations

I.

In 1994, a jury convicted Petitioner of burglary of a vehicle and sentenced him to twenty-five years in prison. *State of Texas v. Leonard Lee Demmings*, No. F-9400920-W (363rd Jud. Dist. Ct., Dallas County, Tex., Apr. 13, 1994). On February 9, 2001, Petitioner was released to mandatory supervised release. On July 5, 2011, he was arrested for violating his supervised release. On October 18, 2012, Petitioner's mandatory supervised release was revoked. Once Petitioner's supervised release was revoked, he lost all credit for the time he had been on

supervised release, or "street time." Petitioner now brings this § 2254 action to challenge the denial of his street time credit.

## II.

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not challenge his criminal judgment under § 2244(d)(1)(A); nor does he assert a state-created impediment or newly-recognized constitutional right under § 2244(d)(1)(B) or (C). The Court therefore analyzes Petitioner's claims under § 2244(d)(1)(D), which states that the limitations period begins to

2

run on the date the factual predicate of the claim could have been discovered through the exercise of due diligence.

Respondent argues the limitations period started on October 18, 2012, when Petitioner's supervised release was revoked. Respondent states Petitioner knew, or could have known with the exercise of due diligence, that once his supervised release was revoked, he forfeited all previously earned street time. Petitioner did not respond to Respondent's limitations arguments. The Court therefore finds that the statute of limitations began to run on October 18, 2012, when Petitioner's mandatory supervision was revoked. He then had one year, or until October 18, 2013, to file his § 2254 petition.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings or other collateral review. On February 7, 2017, Petitioner filed a TDCJ time-credit dispute; and on April 2, 2017, he filed a state habeas petition. The time-credit dispute and state habeas petition were filed after the AEDPA limitations period expired. Therefore, these actions did not toll the limitations period.

Petitioner was required to file his § 2254 petition by October 18, 2013. He did not file his petition until December 29, 2017. His petition is therefore untimely.

B.   **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also*

3

*Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner makes no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III.

The Court should dismiss, with prejudice, the petition for a writ of habeas corpus because it is barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed February 11, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGSTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).